IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| G & C HOLDINGS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-10-1079-D |
| | ) | |
| REXAM BEVERAGE CAN | ) | |
| COMPANY and OLD REPUBLIC | ) | |
| TITLE COMPANY OF OKLAHOMA, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING PLAINTIFF'S MOTION
TO REVIEW COSTS AWARD**

Before the Court is Plaintiff's Motion to Review Costs Award [Doc. No. 68]. Plaintiff G & C Holdings, LLC challenges the taxation of costs in its favor, and seeks an additional award of expenses that it claims were necessarily incurred in this action. Defendant Rexam Beverage Can Company, the party against whom costs were taxed, has timely opposed the Motion. The time for filing a reply brief has expired, and the Motion is at issue.

The Court entered judgment for Plaintiff after determining that Plaintiff had effectively terminated a real estate purchase agreement and was entitled to payment of the escrow money. However, Plaintiff did not receive the full $100,000.00 escrow fund because the escrow agent, Defendant Old Republic Title Company, was allowed to deduct its costs and expenses before depositing the fund into the court registry. Accordingly, Plaintiff sought to recoup the deducted amount, $5,965.00, by claiming it as "Other costs" on a bill of costs filed pursuant to Fed. R. Civ. P. 54(d)(1) and LCvR54.1. The Clerk denied recovery of this

item and taxed costs of $253.10, which was the total amount claimed by Plaintiff for filing fees, service fees, and copying expenses. By the present Motion, Plaintiff asserts that the disallowed item represents a necessary expense, and is recoverable under the purchase agreement and state law regarding interpleader actions.

Rule 54(d)(1) authorizes an award of costs other than attorney's fees to the prevailing party in a civil case, unless a federal statute, rule or court order provides otherwise, and allows a court clerk to tax costs on 14 days' notice. As explained by the court of appeals:

> Absent some other statutory authorization, costs available to a prevailing party under Rule 54(d)(1) are limited to those specified in 28 U.S.C. § 1920:
>
> [T]he Supreme Court has examined the interrelation between Rule 54(d) and section 1920 and has determined that Rule 54(d) is not a separate source of power to tax as costs expenses not enumerated in § 1920. Instead, the Court determined that § 1920 defines the term "costs" as used in Rule 54(d), and that although a court in its discretion need not award section 1920 costs under Rule 54(d), it has no discretion to award items as costs that are not set out in section 1920.

*Sorbo v. United Parcel Service*, 432 F.3d 1169, 1179 (10th Cir. 2005) (quoting *Bee v. Greaves*, 910 F.2d 686, 690 (10th Cir. 1990) (discussing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987)). Thus, "the litigation costs to be awarded 'as a matter of course' under Fed. R. Civ. P. 54(d)(1) are listed in 28 U.S.C. § 1920." *Garcia v. Wal-Mart Stores, Inc.*, 209 F.3d 1170, 1176-77 (10th Cir. 2000). In a diversity case like this one, state law may provide a basis for recovering "nontaxable expenses" as part of an

attorney's fee award under Rule 54(d)(2), but cannot authorize the taxation of costs under Rule 54(d)(1). *See Garcia*, 209 F.3d at 1177-78.

Plaintiff seeks to recover an item of "costs" that is not listed in 28 U.S.C. § 1920. Plaintiff cites no federal statutory authority for its request, and does not argue that any federal rule – other than Rule 54(d)(1) – authorizes the recovery of interpleader expenses as taxable costs. Because Plaintiff is incorrect in its interpretation of Rule 54(d)(1), the Court finds that the Clerk correctly denied Plaintiff's claim for additional costs.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Review Costs Award [Doc. No. 68] is DENIED. The Clerk's taxation of costs in favor of Plaintiff G & C Holdings, LLC, and against Defendant Rexam Beverage Can Company, in the amount of $253.10 is AFFIRMED.

IT IS SO ORDERED this 13th day of August, 2012.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE