IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| G & C HOLDINGS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-10-1079-D |
| | ) |
| REXAM BEVERAGE CAN | ) |
| COMPANY, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Before the Court is Plaintiff G & C Holdings, LLC's Motion for Attorney's Fees [Doc. No. 64]. Defendant Rexam Beverage Can Company has timely opposed the Motion. Also, Defendant obtained authorization to file a supplemental brief, to which Plaintiff has timely responded. Thus, the Motion is fully briefed and at issue.

This case concerned the proper interpretation of a real estate purchase agreement between the parties, by which Plaintiff agreed to buy a commercial property according to specific terms. These terms included an environmental investigation and a due diligence period. During this period, Plaintiff was authorized to terminate the agreement for any reason by providing written notice, and was entitled to the return of earnest money held by an escrow agent. Plaintiff subsequently provided written notice of termination. However, the parties disagreed whether the notice was provided within the due diligence period and, therefore, whether Plaintiff had timely exercised its right to terminate the agreement and obtain the escrow money. Plaintiff filed suit in state court praying for the following relief:

"that the Real Estate Purchase Agreement be deemed terminated" and that the escrow money be returned. *See* Petition [Doc. No. 1-1] at 2. Plaintiff also sued the escrow agent "only as a stakeholder" for the purpose of requiring the deposit of the escrow money into "an insured account drawing interest." *Id*. ¶ 8. Defendant removed the case to federal court and counterclaimed for breach of the agreement and specific performance. The escrow agent was permitted to deposit the escrow fund into the court registry, and was dismissed.

On cross-motions for summary judgment, the Court ruled that "Plaintiff properly exercised its unconditional right of termination within the Due Diligence Period" and that "Plaintiff [was] entitled to summary judgment in its favor and to payment of the escrow money." *See* Order 11/21/11 [Doc. No. 56] at 12. The Court therefore entered a judgment for Plaintiff and against Defendant, and decreed that "Plaintiff is entitled to payment of the escrow fund deposited into the registry of the Court, subject to the applicable rules regarding appeals and disbursement of registry funds." *See* Judgment [Doc. No. 60]. No appeal was taken.

Plaintiff timely filed the instant Motion pursuant to Fed. R. Civ. P. 54(d)(2) and LCvR54.2. The Motion is supported by the affidavit of Plaintiff's counsel of record and a partial set of billing records related to the case.[1] The sole basis asserted by Plaintiff for an award of attorney fees is a provision of the parties' contract that expressly addresses their respective rights and liabilities upon a termination that occurs "without giving rise to a

---

[1] Only the billing statements of attorney Monty L. Bratcher are provided with the Motion, but the fee request includes work done by Kelly L. Bratcher, an unlicensed attorney. Plaintiff subsequently provided additional billing statements in responding to Defendant's supplemental brief regarding Kelly Bratcher.

2

breach of this Agreement solely as a result of such termination." *See* Pl.'s Mot. Attorney Fees, Ex. 1 [Doc. No. 64-1], § 13 (hereafter "Agreement"). Regarding the effects of termination, the Agreement provides as follows:

> Upon the termination of this Agreement, the Buyer and the Seller shall have no further rights, duties or obligations under this Agreement, except any rights, duties, obligations or responsibilities expressly provided for in this Agreement to survive the termination of this Agreement, and in the event this Agreement is terminated after the expiration of the Due Diligence Period, the Title Company shall promptly disburse the Earnest Money to the Seller. **Notwithstanding the foregoing, in the event that the termination of this Agreement occurs as a result of a Party's misrepresentation, breach or failure to perform, the breaching Party shall be obligated and responsible for any and all costs and expenses (including reasonable attorney's fees) incurred by the non-breaching Party related to or connected with this Agreement.**

*Id*. § 13.5 (emphasis added). In its Motion, Plaintiff claims it is entitled to a fee award under this provision because Defendant "breached the Agreement when Rexam refused to let Plaintiff terminate the contract" and "when Rexam refused to allow [the escrow agent] to return the funds held in escrow." *See* Pl.'s Mot. Attorney Fees [Doc. No. 64] at 3. Defendant disputes this claim, arguing that Plaintiff did not allege or recover damages for a breach of contract but, instead, obtained a declaration of rights and performance of the Agreement.

This diversity case is governed by Oklahoma law, which was recently summarized by the Oklahoma Supreme Court as follows:

> Oklahoma follows the American Rule concerning the recovery of attorney fees. It provides that each litigant pay for legal representation and that courts are without authority to assess attorney fees in the absence of a specific statute or contract. Exceptions to the Rule are narrowly defined because attorney fee

3

awards against the non-prevailing party have a chilling effect on open access to the courts.

*Whitehorse v. Johnson*, 156 P.3d 41, 47 (Okla. 2007) (footnotes omitted). Facing a contract-based claim in that case, the supreme court also summarized the controlling principles:

> If the terms of a contract are unambiguous, clear and consistent, they are accepted in their plain and ordinary sense and the contract will be enforced to carry out the intention of the parties as it existed at the time it was negotiated. The interpretation of a contract, and whether it is ambiguous is a matter of law for the Court to resolve. Contractual intent is determined from the entire agreement. If a contract is complete in itself and viewed in its entirety is unambiguous, its language is the only legitimate evidence of what the parties intended. The Court will not create an ambiguity by using a forced or strained construction, by taking a provision out of context, or by narrowly focusing on the provision.

*Id.* (footnotes omitted). Applying these principles to the parties' settlement agreement in *Whitehorse*, the court determined that the purpose of the contract was to amicably resolve a dispute on terms to which the parties had agreed, and the obvious purpose of a provision for each party to pay its own fees and costs was to give an incentive for timely compliance. Because one party did not comply, and because the contract "unambiguously required the payment of [attorney] fees and costs in the event of a breach," the court determined that the non-breaching party was entitled to a fee award. *Id.* at 48.

Similarly, in this case, the Court finds the contractual provision on which Plaintiff relies to be clear and unambiguous. The Agreement expressly provided that upon a termination according to its terms – without a breach of contractual obligations by either party – the parties would simply walk away, with no further rights or obligations other than those specifically provided for in the Agreement. The express provision for attorney fees

obligated one party to bear the other party's costs and expenses only "[i]n the event that the termination of this Agreement occurs as a result of a Party's misrepresentation, breach or failure to perform." *See* Agreement, § 13.5.  Despite Plaintiff's attempt to recharacterize its action at this late stage, Plaintiff did not assert prior to judgment that Defendant breached the Agreement or failed to perform it.  Instead, Plaintiff sought and obtained an interpretation of the Agreement and a judicial declaration of rights under it.  The parties simply had a legitimate dispute about whether Plaintiff had timely exercised its termination right.  Upon the Court's determination in Plaintiff's favor, the Agreement was terminated according to its terms, and each party must simply walk away.

In short, no judgment was rendered in this case that Defendant breached or failed to perform the Agreement.  Accordingly, Plaintiff cannot require Defendant to bear the attorney fees incurred by Plaintiff in litigating its claims in this case, as sought by the Motion.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Attorney Fees [Doc. No. 64] is DENIED.

IT IS SO ORDERED this 27th day of August, 2012.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE